UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
FILED
DEC 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-222-GWU

BOBBY J. MILLER, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Bobby Miller brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Miller, a 43 year-old former coal truck driver, route driver, and Pepsi plant laborer with a high school education, suffered from impairments related to degenerative disc disease of the lumbar spine. (Tr. 15-16). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 19).

The time frame relevant to this appeal is very important. Miller alleged a disability onset date of November 30, 1998 on his DIB application. (Tr. 76). The ALJ determined that the plaintiff's DIB-insured status expired on December 31, 1998. (Tr. 20). The claimant must prove he became disabled during this narrow one-month time frame in order to qualify for DIB.

After review of the evidence presented, the undersigned concludes that

the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Leah Salyers included an exertional limitation to light level work reduced from a full range by such non-exertional limitations as (1) an inability to stand or walk for more than three to four hours in an eight-hour day in intervals of two hours without interruption; (2) an inability to sit for more than six hours in an eight-hour day in intervals of two hours without interruption; (3) an inability to more than occasionally climb, balance, stoop, crouch, kneel, or crawl; and (4) an inability to ever reach or lift overhead. (Tr. 258). In response, Salyers identified a significant number of jobs which could still be performed. (Tr. 258-259). Therefore, assuming that the vocational factors considered by the expert fairly depicted Miller's condition during the relevant time period, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ noted that most of the evidence presented by Miller was dated long after his DIB-insured status had expired. (Tr. 18). Dr. William Go was asked to review the record and reply to interrogatories concerning the relevant time period. Based on this review, Dr. Go completed Medical Assessment of Ability to do Work-Related Activities Form. (Tr. 201-203). These restrictions were presented to Salyers by the ALJ in the hypothetical question. This opinion provides substantial evidence to support the administrative decision.

Miller notes that Dr. Go did not make reference to all the exhibits from Dr. Nadar and, so, it is possible the medical advisor did not have access to the complete record. Thus, the ALJ's reliance upon Dr. Go's opinion would have been misplaced. Dr. Go reported that a single treatment note from Dr. Anbu

6

Nadar was the only evidence dated from the pertinent time period and that this did not reveal any neurological findings.[1] (Tr. 198). This was a reference to Exhibit B-6F which contained progress notes from the physician dated between August, 1993 and May, 2001. (Tr. 169-179). This Exhibit encompassed the relevant time period. The record also included Exhibit B-12F containing a statement of disability from Dr. Nadar dated February of 2002 (Tr. 194-195), Exhibit B-13F which contained treatment notes from the doctor dated between August, 2001 and February, 2002 (Tr. 196-197), Exhibit B-16F containing an assessment form from the physician and dated May 23, 2002 (Tr. 205-207) and Exhibit B-17F which contained another disability opinion as well as treatment notes dated between July, 2002 and May, 2003 (Tr. 208-212). All of these other exhibits are dated well after the relevant time period. Dr. Go's statement that there was only one note from the relevant time period plausibly suggests that he was aware of this other evidence but did not feel the need to discuss it because it was not material to the pertinent time period due to its remoteness in time from the relevant time frame. Therefore, the Court must reject the claimant's argument.

Miller also argues that the ALJ erred in failing to specifically address why he did not find the functional restrictions in Exhibit B-16F to be binding. The federal regulations at 20 C.F.R. Section 1527(d)(2) require an ALJ to articulate the reasons why the opinion of a treating source is to be rejected. The Sixth Circuit Court of Appeals recently held that the failure of an ALJ to meet this

---

[1] Dr. Go addressed the time period between November 30, 1998 and March 31, 1999. (Tr. 198). The administration apparently later concluded that Miller's DIB-insured status had expired at the even earlier date of December 31, 1998. The aforementioned treatment note was dated from early 1999. (Tr. 173). Thus, the record contained no treatment during the pertinent time period.

requirement can constitute reversible error even when the case is otherwise supported by supported by substantial evidence. <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 546 (6th Cir. 2004). However, while the ALJ did not specifically make reference to Exhibit B-16F, the ALJ did note that he was only accepting the doctor's opinion with regard to the claimant's disability to the extent that it indicated that he could not return to his past relevant work.[2] (Tr. 18). The physician noted the remoteness in time from the relevant time period which Dr. Nadar's opinion had been expressed as well as the opinion of Dr. Go, the only physician of record to specifically address the relevant time period issue. (Tr. 18). Thus, the ALJ did not ignore Dr. Nadar's opinion but did articulate reasons why it should not be fully binding. Therefore, the <u>Wilson</u> requirement would appear to have been satisfied. Furthermore, <u>Wilson</u> also suggests that a <u>de minimis</u> violation of the procedural rule may qualify as harmless error. <u>Wilson</u>, 378 F.3d at 547. Since the ALJ did articulate reasons why Dr. Nadar's opinion was not to be fully accepted, any error in not specifically addressing Exhibit B-16F appears harmless.

The Court notes that the record contained two other opinions concerning Miller's residual functional capacity from examining sources. Dr. Robert Brandon identified very severe physical limitations in March of 2002 (Tr. 183-185) while Dr. Bobby Kidd found no restrictions in October of 2004 (Tr. 218-221). The ALJ rejected both of these opinions because of their remoteness in time from the pertinent time period and the plaintiff has raised no objection. (Tr. 18).

The undersigned concludes that the administrative decision should be

---

[2] Dr. Nadar's restrictions from Exhibit B-16f were at least in part presented to the vocational expert who indicated that no full-time jobs could be done. (Tr. 259). Thus, this was essentially an opinion of disability.

affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29 day of December, 2005.

G. WIX UNTHANK
SENIOR JUDGE